**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CIVIL ACTION NO. 05-116-DLB**

**DONALD LINDSEY, AS EXECUTOR OF THE ESTATE OF LEONA DEVANE, DECEASED, PLAINTIFF**

**vs.** **OPINION AND ORDER**

**KENTUCKY MEDICAL INVESTORS, LTD., D/B/A MOUNTAIN VIEW HEALTH CARE CENTER, ET AL DEFENDANTS**

*** *** *** ***

**Introduction**

Plaintiff, as executor of his mother's estate, brought this wrongful death and survival action against the licensee and operator of the nursing home where she resided prior to her death, its general partners and administrator, as well as various unnamed defendants. Plaintiff's First Amended Complaint charges Defendants with common law negligence, medical malpractice, wrongful death, and violations of Kentucky's "Nursing Home Residents' Bill of Rights," K.R.S. § 216.515.

The action was originally filed in Pike Circuit Court on March 8, 2005. Defendants removed the case to this Court on April 7, 2005 on the basis of purported federal question and diversity jurisdiction.

**Procedural Posture**

This matter is before the Court for consideration of several motions, including:

1. Plaintiff's motion to remand to state court (Doc. # 9);

2. Defendants' motion to compel arbitration,[1] or in the alternative to dismiss or stay the pending lawsuit (Docs. # 2, 24);[2]

3. Plaintiff's motion to stay arbitration, challenging the enforceability of the VAA (Docs. # 6, 8, 30, 33); and

4. Plaintiff's motion to strike the affidavits attached to Defendants' reply (Doc. # 22).

Because the motion to remand involves the core issue of the Court's subject matter jurisdiction, which must be adjudicated prior to consideration of the other motions, by way of this Opinion and Order, the Court addresses Plaintiff's motion to remand.

**Factual Background**

In February 2004, Leona DeVane was admitted to Mountain View Health Care Center (MVHCC). At that time, DeVane was allegedly suffering from Alzheimer's disease and dementia, and having suffered numerous strokes, was no longer able to care for herself. DeVane was a resident at MVHCC until August 20, 2004. She died three months later, on November 13, 2004.

Plaintiff, as executor of his mother's estate, alleges that her death was "accelerated" by the deficient care and treatment she received at MVHCC. Specifically, Plaintiff alleges that DeVane suffered pressure ulcers, falls, a staph infection, dehydration, poor hygiene,

[1]In support, they rely on a "Voluntary Arbitration Agreement" (VAA) purportedly requiring any disputes between the decedent and Mountain View Health Care Center ("MVHCC") to be submitted to arbitration.

[2]The original Defendants filed their motion on April 7, 2005, and the Defendants joined by virtue of the First Amended Complaint filed their own motion on June 3, 2005 (simply joining in the previous motion).

malnutrition, and weight loss, all of which contributed to her eventual death. Plaintiff also alleges that his mother suffered psychological injuries, including loss of personal dignity, pain and suffering, degradation, and emotional distress.

With respect to the corporate Defendants, Plaintiff charges them with failing to: 1) comply with Kentucky's administrative regulations governing nursing home administration or MHVCC's internal resident care policies; 2) implement corrective measures regarding inadequate resident care; 3) develop, implement, and follow policies aimed at achieving the highest level of physical, mental, and psychological well-being of the residents at MVHCC; 4) properly maintain resident records; 5) provide the minimum number of qualified personnel to care for Ms. DeVane; 6) monitor or increase the number of nursing personnel responsible for caring for Ms. DeVane; 7) provide staff who were adequately trained and qualified; 8) implement or enforce guidelines, policies, and procedures; 9) prevent, eliminate, or correct deficiencies in resident care; and 10) provide a safe environment and otherwise exercise ordinary care for the safety of the residents. According to Plaintiff, these omissions support a cause of action based upon common law negligence.

Plaintiff also claims Defendants committed medical malpractice by failing to: 1) ensure that Ms. DeVane received timely and accurate assessments; prescribed treatment, medication, and diet; necessary supervision; and timely intervention in the case of a significant change in condition; 2) hire and retain sufficient nursing personnel; 3) adequately assess, evaluate, and supervise those personnel; 4) develop and implement an adequate plan of care based upon Ms. DeVane's needs; 5) prevent, treat, or heal Ms. DeVane's conditions (pressure ulcers, infections, dehydration, malnutrition, etc.); 6) provide care, treatment, and medication pursuant to physician's orders; and 7) monitor, report, and

respond to significant changes in Ms. DeVane's condition. Finally, Plaintiff charges Defendants with violating several provisions of Kentucky's "Nursing Home Residents' Bill of Rights."

The majority of Plaintiff's complaints against Sharon Hall, in her official capacity as administrator of MVHCC, focus on her duty to assess, evaluate, supervise, hire, train, and retain nursing personnel. Plaintiff also claims Hall did not maintain an adequate number of qualified personnel, or properly assign them to residents based upon relevant factors, such as medical history, condition, rehabilitative needs, etc.

**Analysis**

In Defendants' notice of removal, they allege that Defendant Sharon Hall was fraudulently joined to defeat federal jurisdiction. They also allege that Plaintiff's First Amended Complaint raises a substantial federal question, thereby invoking federal question jurisdiction. Thus, in considering Plaintiff's motion to remand, the Court must consider two issues:

1. Whether Defendant Hall was fraudulently or properly joined?
2. Whether Plaintiff's First Amended Complaint raises a substantial federal question?

For the reasons that follow, Plaintiff's motion to remand (Doc. # 9) is **granted**. Because the Court lacks subject matter jurisdiction, all other motions are passed to the sound discretion of the state court judge.

**The Court lacks proper subject matter jurisdiction on the basis of diversity.**

In his motion to remand, Plaintiff argues that he can state a colorable cause of action

against Defendant Hall under Kentucky state law and, therefore, complete diversity between the parties does not exist. Although he does not argue it specifically, by implication, Plaintiff seems to be asserting that he, too, is a citizen of Kentucky. Defendants assert that Plaintiff is a citizen of Pennsylvania because the decedent was a citizen of Pennsylvania at the time of her death. The Court agrees with Defendant on this point. However, the fact that there is complete diversity amongst the parties does not dictate a contrary result. Rather, application of the "no local defendant rule"[3] found at 28 U.S.C. § 1441(b) still requires to the case be remanded to state court.

Plaintiff, as the legal representative of Ms. DeVane's estate, is a citizen of Pennsylvania only. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."); *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 597 n. 3 (6th Cir. 2002).[4]

It is undisputed that Defendant Hall is a citizen of Kentucky. Although Defendant argues that Kentucky Medical Investors, Ltd., d/b/a Mt. View Health Care Center, is a citizen of Georgia, because it is a limited partnership, it is deemed to be a citizen of every state where its general and limited partners reside. *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005). However, the citizenship of the individual partners of Kentucky Medical Investors, Ltd. is not set forth anywhere in the record. The citizenship of the other

---

[3] Although the "no local defendant rule" was not addressed by any of the parties, because it's application impacts the Court's subject matter jurisdiction, the Court raises it sua sponte.

[4] However, even if Plaintiff was a citizen of Kentucky for jurisdiction purposes, which the court concludes he is not, a remand to state court would still be mandated on the basis of a lack of complete diversity.

Defendants, Life Care Centers of America, Inc., SAK, Jr., LLC, and SKB, LLC is also not set forth in the record.[5] However, because at least one of the Defendants, Sharon Hall, is a citizen of Kentucky, and was properly joined and served at the time of removal (*see* analysis below), the failure to identify the citizenship of the other named Defendants or the general and limited partners of Kentucky Medical Investors, Ltd. is of no consequence. Although complete diversity of citizenship exists, under 28 U.S.C. § 1441(b), Hall's citizenship (Kentucky) creates a barrier to removal because she is a citizen of the state in which the action was originally brought.

**Defendant Hall was not fraudulently joined**

Chief Judge Hood recently addressed the requirements for removal and remand in *Ratliff v. Merck & Company, Inc.,* 359 F.Supp.2d 571 (E.D. Ky. 2005). The general law on removal is stated therein as follows:

> Generally, a civil case brought in the state court maybe removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. §1441(a). A federal court has original jurisdiction over suits between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C.§ 1332(a). A defendant seeking to remove a case bears the burden of proving the diversity requirements upon a motion to remand filed by the plaintiff. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28; *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).
>
> Additionally, district courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court. *Fenger v. Idexx Labs., Inc.,* 194 F.Supp.2d 601, 602-03 (E.D. Ky. 2002); *Miller v. PPG Indus., Inc.*, 237 F.Supp.2d 756, 759 n. 5 (W.D. Ky. 2002; *Cole v. Great Atl. & Pac. Tea Co.,* 728 F.Supp. 1305, 1307 (E.D. Ky. 1990) (quoting *Walsh*

---

[5] In the First Amended Complaint, Plaintiff states Life Care Centers of America, Inc. is a foreign corporation licensed to do business in Kentucky, and Defendants SAK, JR., LLC and SKB, LLC are foreign limited liability companies licensed to do business in Kentucky, and general partners of Defendant Kentucky Medical Investors, Ltd. (Doc. # 17 at ¶¶ 5-7).

> *v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D. Ky. 1967) ("It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction.... Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.")). Moreover, "[g]enerally, because the plaintiff is the 'master of the claim,' a claim specifically less than the federal requirement should preclude removal." *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky 2002) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

*Ratliff,* 359 F.Supp.2d at 573-74.

Where complete diversity is lacking on the face of a complaint, or, for purposes of this case, where complete diversity exists, but one of the parties (Hall) is a citizen of the state in which the action is brought, to determine if she was properly joined and served pursuant to 28 U.S.C. § 1441(b), a defendant must prove fraudulent joinder to eliminate the non-diverse party in order for removal to occur. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 179 F.3d 904, 907 (6th Cir. 1999). If fraudulent joinder is raised, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the alleged fraudulently joined defendant under state law. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that the plaintiff may recover against a non-diverse defendant, the court must remand the case to state court. *Id*. The test is not whether the defendant was added to defeat removal, but whether there is arguably a reasonable basis for predicting that the state law might impose liability based on the facts alleged. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff, and all doubts as to the propriety of removal should be resolved in favor of remand. *Id*.

Defendants make two arguments to keep this action in federal court. First, Defendants argue that Sharon Hall was fraudulently joined, and her citizenship should be disregarded for purposes of determining whether the case is removable. Second, Defendants contend that Plaintiff's claims raise a substantial federal question, namely whether 42 C.F.R. § 483.75 impliedly creates a private right of action. As the following discussion illustrates, neither argument is sufficient for this Court to exercise jurisdiction.

In their notice of removal, as well as their response to Plaintiff's motion to remand, Defendants claim that Sharon Hall was fraudulently joined. In support, they claim that "a plain reading of Plaintiff's 'well-pleaded' First Amended Complaint clearly demonstrates that [he] bases [the] alleged duty from Defendant Sharon K. Hall to the subject resident and the alleged [breach] thereof upon 42 C.F.R. § 483.75 and not upon any state law theory." (Doc. # 28 at p. 22). Plaintiff, however, points to various Kentucky statutes and administrative regulations to establish the appropriate standard of care owed by nursing home administrators to residents under their care, in support of his negligence claim against Hall. He also cites to a recent Kentucky Court of Appeals case holding that a nursing home administrator owes a duty of care to residents under his/her supervision and can be held liable for any breach thereof. *Murphy v. EPI Corp.*, No. 2002-002173, 2004 WL 405754, at *1 (Ky. Ct. App. Mar. 5, 2004), *discretionary review denied* (Feb. 9, 2005).

In *Murphy*, the plaintiff, like DeVane, was a resident at a nursing home. Unlike Plaintiff, however, Murphy was in a persistent vegetative state as a result of an automobile accident. In July 2000, Murphy's brother-in-law entered the nursing home and Murphy's room unobstructed, and raped her. Murphy's mother sued the nursing home, its administrator, and one of its certified nursing assistants on her behalf, alleging that they

were negligent by allowing the rape to occur. More specifically, she claimed that the defendants failed to properly supervise Murphy, had inadequate security, and breached their duty to protect her from being raped. Murphy's mother also alleged that they failed to comply with proper standards of operation, management, and control for the nursing home, in violation of laws and regulations of the Commonwealth of Kentucky. The circuit court granted summary judgment to the defendants, but the Kentucky Court of Appeals reversed.

At the outset the court of appeals noted, "[t]hat a duty of protection is owed to Murphy is without question." *Id*. at *2. Without differentiating between them, the court imposed a duty of ordinary care on each defendant to protect Murphy from foreseeable harm. *Id*. In support, the court relied on what is often referred to in Kentucky as the "universal duty of care." *Id*. (*quoting North Hardin Developers, Inc. v. Cokran*, 839 S.W.2d 258, 261 (Ky. 1992)).

In addition to attacking its precedential value as an unpublished decision, Defendants attempt to distinguish *Murphy* on the basis that the nursing home defendants in that case admitted throughout the litigation that they owed the subject resident a legal duty to protect her. *Murphy*, 2004 WL 405754 at *2. Nevertheless, the court went through all four steps of the negligence analysis - i.e., duty, breach, causation, and damages. The Court concludes that analysis probably would have yielded the same result at step one (i.e., the court would have found that a legal duty on behalf of the administrator existed) even in the absence of the defendants' concession.

Accordingly, the Court concludes that the *Murphy* decision creates, at the very least, potential liability on behalf of nursing homes, as well as their administrators and other personnel, for injuries sustained by residents under their care. Therefore, Defendants claims of fraudulent joinder are not well-taken and are rejected.

For the same reasons, the Court concludes that Defendant Hall is "properly joined" for purposes of 28 U.S.C. § 1441(b). Thus, even though there is complete diversity between the parties, removal is only allowed if "none of the parties in interest 'properly joined' and served as defendants is a citizen of the state in which such action is brought". *See Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); *Dollar v. General Motors Corp.*, 814 F.Supp. 538 (E.D. Tex. 1993); *Ravens Metal Products, Inc. v. Wilson*, 816 F.Supp. 427 (S.D. W.Va. 1993).

Application of 28 U.S.C. § 1441(b), commonly referred to as the "no local defendant rule" under section 1441(b) applies to only defendants "properly joined and served" at the time of removal. Defendant Hall was served with Plaintiff's complaint on March 22, 2005, prior to the notice of removal filed on April 7, 2005. (Doc. # 1 at ¶ 8). Because Hall was "properly served" prior to removal[6], the "no local defendant rule" of 28 U.S.C. §§ 1441(b) requires that if any defendant is a citizen of the state in which the action is filed, the case may not be removed to federal court. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir. 1988).

---

[6] Removability of a state court action under section 1441(b) is determined as of the time of removal. *See Zaini v. Shell Oil Co.,* 853 F.Supp. 960, 963 (S.D. Tex.1994) (citizenship of defendants not yet served with process at the time of removal, although considered for purposes of diversity, is disregarded for purposes of section 1441(b)); *Windac Corp. v. Clarke,* 530 F.Supp. 812, 813-14 (D. Neb.1982) ("When a defendant has not been 'served' [at the time removal is effected], citizenship in the forum state does not defeat removal jurisdiction.").

In this case, Defendant Hall is a Kentucky citizen, was not fraudulently joined, and was properly joined and served at the time of removal. Therefore, this action may not be removed to this court on the basis of diversity jurisdiction.

**The Court lacks proper federal question jurisdiction**.

Alternatively, Defendants claim that Plaintiff's first amended complaint raises a substantial federal question because it states, "Defendant [Hall] had a duty to administrator [sic] the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident." (Doc. # 17 at ¶ 37). According to Defendants, this language is taken directly from the federal Medicare and Medicaid regulations. *See* 42 C.F.R. § 483.75. Defendants frame the issue to be decided by this Court as whether 42 C.F.R. § 483.75 creates a private cause of action against a nursing home administrator. Under that standard, they allege a federal question exists.[7]

The Court does not agree that Plaintiff's claims against Hall turn "entirely upon a determination of whether a private duty is imposed ... by 42 C.F.R. § 483.75." First, the statement seized upon by Defendants is contained in Plaintiff's statement of "Factual Allegations" against Ms. Hall. Second, even a cursory review of Plaintiff's complaint reveals that his claims against Hall are based solely on a negligence theory. That Plaintiff relies on state statutes/regulations[8] to establish the relevant standard of care does not

[7] Defendants raise the same argument with respect to the corporate defendants.

[8] Plaintiff cites only to sections of the Kentucky Revised Statutes and Kentucky Administrative Regulations to prove the existence of a duty owed by Hall to DeVane; Defendants rely on Plaintiff's use of the introductory language of 42 C.F.R. § 438.75 to create federal question jurisdiction.

transform a state tort action into an action "arising under the ... laws ... of the United States" for purposes of exercising federal question jurisdiction. Therefore, the Court finds no basis for concluding it has federal question jurisdiction.

**Request for Attorney Fees and Costs**

In his Motion to Remand, Plaintiff also requests an award of attorney fees pursuant to 28 U.S.C. § 1447(c). The district court's ability to award attorneys' fees upon remand was added to the statute in 1988. The statute now provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In the Sixth Circuit, such an award is discretionary with the Court and often turns upon whether the removal lacked merit. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993). The Court declines to grant costs and fees under the circumstances of the removal in this case.

Although the Court has ultimately concluded that it lacks proper subject matter jurisdiction, Defendants have presented a good faith argument on the fraudulent joinder issue as well as the basis for federal question jurisdiction. For these reasons, an award of attorney fees and costs is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** as follows:

(1) that Plaintiff's Motion to Remand (Doc. # 9) is hereby **GRANTED**. This matter is hereby **REMANDED** in its entirety to the Pike Circuit Court from which it was removed and hereafter stricken from the docket of this Court;

(2) that Plaintiff's Motion for Attorney Fees and Costs (Doc. # 9) is hereby **DENIED**; and

(3) that any and all other pending motions (Docs. # 2, 6, 8, 22, and 24) are **denied without prejudice** subject to renewal and adjudication in state court.

This 19th day of September, 2005.




G:\DATA\Opinions\7-05-116-Order-Granting-Motion-to-Remand.wpd